**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

THEODORE WILLIAMS,

    Petitioner,                    Civil No. 05-70035-DT
                                          HONORABLE NANCY G. EDMUNDS
v.                                      UNITED STATES DISTRICT JUDGE

KEN McKEE,

    Respondent,
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

Theodore Williams, ("petitioner"), presently confined at the Bellamy Creek Correctional Facility in Ionia, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction on one count of first-degree murder, M.C.L.A. 750.316; and one count of possession of a firearm in the commission of a felony, M.C.L.A. 750.227b. Respondent has filed a motion for summary judgment, contending that the petition was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244 (d)(1). Petitioner has filed an answer to the motion for summary judgment. Respondent has filed a reply to petitioner's answer. For the reasons stated below, petitioner's application for a writ of habeas corpus is summarily dismissed.

## I. Background

Petitioner was convicted of the above charges in the Wayne County Circuit Court and was sentenced on September 1, 1998. Petitioner's direct appeals with the Michigan courts ended on December 21, 2001, when the Michigan Supreme Court denied him leave to appeal after the Michigan Court of Appeals affirmed his conviction. *People v. Williams,* 465 Mich. 935; 638 N. W. 2d 757 (2001).

Petitioner filed a post-conviction motion for relief from judgment pursuant to M.C.R. 6.500, *et. seq.,* with the Wayne County Circuit Court on March 3, 2003. The motion for relief from judgment was denied by the trial court. The Michigan Court of Appeals denied petitioner's application for leave to appeal. *People v. Williams,* No. 253155 (Mich.Ct.App. July 9, 2004); *reconsideration denied,* August 25, 2004. Petitioner's application for leave to appeal to the Michigan Supreme Court was rejected as untimely on November 9, 2004. [1]

The petition for writ of habeas corpus was filed on January 3, 2005. [2] On June 9, 2005, petitioner was granted permission by the Court to file an amended petition for writ of habeas corpus.

## II. Discussion

Summary judgment is appropriate "if the pleadings, depositions, answers to

---

[1] See Affidavit of Corbin R. Davis, Clerk of the Michigan Supreme Court, dated July 19, 2005 [This Court's Docket Entry # 19].

[2] Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on January 3, 2005, the date that it was signed and dated. *See Neal v. Bock*, 137 F. Supp. 2d 879, 882, n. 1 (E.D. Mich. 2001).

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Sanders v. Freeman,* 221 F. 3d 846, 851 (6th Cir. 2000)(quoting Fed. R. Civ. P. 56(c)).  To defeat a motion for summary judgment, the non-moving party must set forth specific facts sufficient to show that a reasonable factfinder could return a verdict in his or her favor. *Id.*  The summary judgment rule applies to habeas proceedings. *See Redmond v. Jackson,* 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003).

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one (1) year statute of limitations shall apply to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court.  The one year statute of limitation shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

A petition for writ of habeas corpus must be dismissed where it has not

been filed within the one year statute of limitations. *See Holloway v. Jones,* 166 F. Supp. 2d 1185, 1187 (E.D. Mich. 2001).

Petitioner's direct appeals with the Michigan courts were completed on December 21, 2001, when the Michigan Supreme Court denied his application for leave to appeal. Petitioner's conviction therefore became final, for purposes of § 2244(d)(1), when the ninety day time period for filing a petition for writ of certiorari in the United States Supreme Court expired. *See Bronaugh v. Ohio*, 235 F. 3d 280, 283 (6th Cir. 2000). Petitioner's judgment thus became final on March 21, 2002, when he failed to file a petition for writ of certiorari with the U.S. Supreme Court. *Thomas v. Straub*, 10 F. Supp. 2d 834, 835 (E.D. Mich. 1998). Petitioner therefore had until March 21, 2003 to timely file his petition in compliance with the statute of limitations unless the one year period was somehow tolled.

Petitioner filed a post-conviction motion for relief from judgment with the state trial court on March 5, 2003, after three hundred and forty nine days had already elapsed on the one year statute of limitations. 28 U.S.C. § 2244(d)(2) expressly provides that the time during which a properly filed application for state post-conviction relief or other collateral review is pending shall not be counted towards the period of limitations contained in the statute. *See Corbin v. Straub,* 156 F. Supp. 2d 833, 836 (E.D. Mich. 2001).

However, although the time during which a properly filed application for collateral review is pending in the state courts is excluded from the one year

4

limitations period, the limitations period is not reset upon the conclusion of state collateral review. *Neal v. Bock,* 137 F. Supp. 2d 879, 884 (E.D. Mich. 2001). The statute of limitations was tolled through the Michigan Court of Appeals' denial of petitioner's motion for reconsideration from the denial of his application for leave to appeal on August 25, 2004. Although petitioner's application for leave to appeal to the Michigan Supreme Court was rejected as untimely, for purposes of § 2244(d)(2), the term "pending" includes the time for seeking discretionary review of a post-conviction motion, whether or not the discretionary review is sought. *Swartz v. Meyers*, 204 F. 3d 417, 421 (3rd Cir. 2000). Under M.C.R. 7.302(C)(3), petitioner would have had fifty six days to file a delayed application for leave to appeal with the Michigan Supreme Court following the denial of any appeal by the Michigan Court of Appeals. *Rice v. Trippett*, 63 F. Supp. 2d 784, 787 (E.D. Mich. 1999). Thus, the time between when the Michigan Court of Appeals denied petitioner's motion for reconsideration on August 25, 2004 and the October 20, 2004 deadline for filing an application for leave to appeal with the Michigan Supreme Court should be tolled pursuant to § 2244(d)(2). *Swartz,* 204 F. 3d at 421.

      The Court is aware that the one year limitations period is normally tolled pursuant to § 2244(d)(2) until the ninety day time period for seeking certiorari review in the United States Supreme Court of the state's final judgment on the petitioner's state post-conviction motion has expired, regardless of whether the

petitioner actually files a petition for writ of certiorari. *See Abela v. Martin,* 348 F. 3d 164, 172-73 (6th Cir. 2003). However, petitioner would not be entitled to have the ninety day time period for seeking a writ of certiorari added to the calculation of the limitations period, because his failure to file a timely application for leave to appeal to the Michigan Supreme Court divested the U.S. Supreme Court of jurisdiction to grant a writ of certiorari. *See Eisermann v. Penarosa,* 33 F. Supp. 2d 1269, 1272-73, n. 5 (D. Hawaii 1999)(citing to *Flynt v. Ohio*, 451 U.S. 619 (1981); *Street v. New York*, 394 U.S. 576 (1969)); *See also White v. Curtis,* 42 Fed. Appx. 698, 700 (6th Cir. 2002)(assuming, without deciding, that the Michigan Supreme Court's rejection of the habeas petitioner's application for leave to appeal as untimely would divest the U.S. Supreme Court of jurisdiction over the petition for writ of certiorari, thereby precluding the addition of the ninety period to the commencement of the one year limitation period); *Brown v. McKee,* 232 F. Supp. 2d 761, 765 (E.D. Mich. 2002)(where petitioner never filed an application for leave to appeal with the Michigan Supreme Court, the one year limitations period for petitioner to file his habeas petition would have begun to run when the fifty six day period for seeking leave to appeal with the Michigan Supreme Court expired); *Erwin v. Elo,* 130 F. Supp. 2d 887, 889 (E.D. Mich. 2001)(same).

     Petitioner's post-conviction motion would therefore cease to be pending, for purposes of tolling the statute of limitations, no later than October 20, 2004, when petitioner failed to timely seek leave to appeal with the Michigan Supreme Court.

*See Williams v. Cain*, 217 F. 3d 303, 309-10 (5th Cir. 2000). Petitioner thus had sixteen days remaining from this date, which would have been no later than November 5, 2004, to timely file his petition for writ of habeas corpus, unless the limitations period was otherwise tolled.

The one year limitations period under the AEDPA is considered a statute of limitations which is subject to equitable tolling, and is not a jurisdictional prerequisite which would bar review by the federal courts if not met. *Dunlap v. United States*, 250 F. 3d 1001, 1004 (6th Cir. 2001). In *Dunlap,* the Sixth Circuit indicated that five factors should be used to determine whether it would be appropriate to equitably toll the statute of limitations in a habeas case:

> (1) the petitioner's lack of notice of the filing requirement;
> (2) the petitioner's lack of constructive knowledge of the filing requirement;
> (3) diligence in pursuing one's rights;
> (4) absence of prejudice to the respondent; and,
> (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap,* 250 F. 3d at 1008.

The Sixth Circuit also noted that the doctrine of equitable tolling should be used "sparingly," *Dunlap,* 250 F. 3d at 1008-09, and that "[a]bsent a satisfactory explanation for his failure to timely file his habeas petition," a petitioner would fail to exercise due diligence in pursuing his claim, and thus would not be entitled to equitable tolling of the limitations period. *Id.* at p. 1010. A habeas petitioner bears the burden of establishing that he or she is entitled to the equitable tolling of the

one year limitations period. *See Jurado v. Burt,* 337 F. 3d 638, 642 (6th Cir. 2003).

Petitioner initially contends that the limitations period should be equitably tolled because he claims that he never received a copy of the Michigan Court of Appeals' August 25, 2004 decision denying his motion for reconsideration. Petitioner claims that he only learned about the Michigan Court of Appeals' decision on November 2, 2004, after sending an inquiry to that court. Petitioner claims that after learning about the Michigan Court of Appeals decision, he attempted to file his application for leave to appeal with the Michigan Supreme Court on November 8, 2004. Petitioner indicates that the Michigan Supreme Court rejected his application as being untimely on November 9, 2004.

Where a habeas petitioner can adequately demonstrate that he or she did not receive a copy of a decision from a state appellate court denying his or her application, such a delay in receiving such notice may justify the equitable tolling of the limitations period. *See Miller v. Collins,* 305 F. 3d. 491, 495-96 (6th Cir. 2002). In this case, petitioner is entitled to equitable tolling on this basis, because he has adequately demonstrated that he did not receive a copy of the Michigan Court of Appeals' order denying his motion for reconsideration and thus lacked knowledge of its decision. First, petitioner has sworn under penalty of perjury that he did not receive a copy of the Michigan Court of Appeals' decision until November 2, 2004. *Id.* at 495. Secondly, petitioner's "conduct directly corroborates his account" because he filed a grievance with the Michigan

8

Department of Corrections on November 9, 2004, in which he complained about the alleged failure of the prison mail room to forward his legal mail to him. *Id.* at 496.

The Court does not believe, however, that the one year limitations period should have been re-set to commence running from either of these two dates pursuant to the provisions of 28 U.S.C. § 2244(d)(1)(B), as petitioner suggests. Although § 2244(d)(1)(B) delays the commencement of the AEDPA's one year statute of limitations when an impediment resulting from unlawful state action has prevented a habeas petitioner from timely filing his or her habeas petition, this section of the statute only refers to the date on which a limitations period begins to run. It does not, however, authorize statutory tolling where an impediment arises during a limitations period that is already running, as was the case here. *See Chhoeum v. Shannon,* 219 F. Supp. 2d 649, 653 (E.D. Pa. 2002). The Sixth Circuit in *Miller* did not rely on the provisions of § 2244(d)(1)(B) to find the petitioner's habeas application to be timely, finding that this section "addresses when direct review concludes" and further concluding that equitable tolling was "the more prudent course of action." *Miller,* 305 F. 3d at 496, n. 6. Petitioner therefore did not have an entire year from the time that he discovered that the Michigan Court of Appeals had denied his motion for reconsideration to file his petition with this Court.

The Court believes that based upon the evidence presented, petitioner

9

would be entitled to equitable tolling of the limitations period up until the time that he was informed on November 2, 2004 by the Michigan Court of Appeals that his motion for reconsideration had been denied. However, petitioner would have only had sixteen days remaining under the one year limitation period, or until November 18, 2004, to timely file his petition with the federal court, unless there was further tolling. Moreover, even if the Court extends the period of equitable tolling to include the time that petitioner sought to file an out-of-time appeal with the Michigan Supreme Court, the tolling would have ended on November 9, 2004, when the Michigan Supreme Court rejected petitioner's application as untimely. Therefore, at best, petitioner would have had until November 25, 2004 to file his petition unless there was additional tolling.

The question for the Court is whether petitioner is entitled to further equitable tolling of the limitations period between November 10, 2004 and the date that he actually filed his habeas petition on January 3, 2005.

Petitioner first contends that this additional period of time should be equitably tolled because he was unable to obtain the assistance of a trained paralegal or fellow inmate to assist with the preparation of this petition.

An inmate's lack of legal training, poor education, or even his illiteracy does not give a federal court a reason to toll the AEDPA's limitations period. *Cobas v. Burgess,* 306 F. 3d 441, 444 (6th Cir. 2002). Likewise, a claim that a habeas petitioner did not have professional legal assistance is not an extraordinary

circumstance which would toll the statute of limitations. *Wilson v. Birkett,* 192 F. Supp. 2d 763, 766 (E.D. Mich. 2002). The fact that petitioner would lack the legal sophistication to pursue his claims is not an extraordinary circumstance that would equitably toll the statute of limitations. *Hood v. Galaza*, 47 F. Supp. 2d 1144, 1148 (S.D. Cal. 1999). Finally, ignorance of the law does not justify equitable tolling either, even for a prisoner who is proceeding *pro se. See Spencer v. White,* 265 F. Supp. 2d 813, 818 (E.D. Mich. 2003).

Petitioner further argues that the limitations period should be equitably tolled for the period between November 10, 2004 and January 3, 2005, because he was hindered by the absence of the prison law librarian between November 16 and November 23, 2004. Petitioner argues that his inability to research and obtain copies of the law, coupled with his prison job assignment, which limited the hours that he could attend the prison law library, justifies further tolling.

The denial of access to legal materials during petitioner's incarceration would not be an exceptional circumstance warranting the equitable tolling of the one year limitations period. *Jones v. Gundy*, 100 F. Supp. 2d 485, 488 (W.D. Mich. 2000). The right of access to the courts has never been equated with the access to legal materials. *Id.* The fact that petitioner might not have had access to the prison law library would not justify the equitable tolling of the statute of limitations. *See Maclin v. Robinson,* 74 Fed. Appx. 587, 589 (6th Cir. 2003)(limitation of inmate's access to law library to approximately one and a half

11

hours a week did not constitute a state created impediment to inmate's access to courts, and thus did not toll the AEDPA's limitations period; although inmate claimed prison policy allowed for six hours of access to law library, restrictions of library time were constitutional so long as restrictions did not deny inmate access to courts); *United States ex. rel. Ford v. Page*, 132 F. Supp. 2d 1112, 1115-16 (N.D. Ill. 2001)(one year limitations period would not be equitably tolled on ground that *pro se* petitioner was ignorant of the law, and did not have access to the law library; such "run-of-the-mill" excuses did not rise to the level of "extraordinary circumstances"); *Rhodes v. Senkowski*, 82 F. Supp. 2d 160, 172, n. 7 (S.D.N.Y. 2000)(allegations that habeas petitioner was not a skilled attorney and did not have unbridled access to law library were insufficient to justify equitable tolling of limitations period for filing habeas petition). Moreover, because petitioner has not provided any specific reasons stating how the lack of access to legal materials prevented him from filing his habeas petition on time, he has failed to establish a basis for equitable tolling. *Jones*, 100 F. Supp. 2d at 488.

Finally, petitioner contends that the limitations period should be equitably tolled because he gave a fellow inmate named George Miller a copy of his habeas petition on November 22, 2004 to be photocopied. Petitioner learned on November 25, 2004 that Miller had been placed in temporary segregation. Petitioner claims that he made several inquiries with prison guards about recovering his habeas petition from Miller. Petitioner claims that on December 6,

2004, he was finally able to persuade a prison guard go to administrative segregation to recover the habeas petition from Miller. Miller, however, informed the guard that he was unable to find a copy of the petition in his personal property that he had been allowed to take with him to segregation.

Petitioner has provided an affidavit from George Miller, confirming that petitioner gave him his habeas petition for copying on November 22, 2004. Miller claims that after he was placed in segregation, a prison guard came to retrieve petitioner's habeas application from Miller. Miller claims that he searched his folder but could not find petitioner's habeas application. Miller indicates in his affidavit that he can only "surmise" that prison staff confiscated this habeas petition when he was placed in segregation and can only "speculate" as to its current whereabouts.

Respondent has attached to its reply to petitioner's answer an affidavit from Robert Farr, the Litigation Specialist from the Michigan Department of Corrections, who indicates that a property receipt was prepared for George Miller on November 25, 2004, before he was placed in segregation. Farr indicates that petitioner's habeas application was not listed on the property receipt. Respondent has also attached a copy of Miller's property receipt, which mentions nothing about petitioner's habeas application.

The intentional confiscation of a habeas petitioner's legal papers by a corrections officer shortly before the filing deadline may justify equitable tolling of

13

the AEDPA's limitations period. *See Valverde v. Stinson,* 224 F. 3d 129, 133-34 (2nd Cir. 2000). However, a habeas petitioner's "bare assertion" or "unsupported allegation" that prison officials confiscated his habeas petition or other legal materials is insufficient to justify tolling of the limitations period. *See Mateos v. West,* 357 F. Supp. 2d 572, 577 (E.D.N.Y. 2005). In this case, petitioner has provided nothing other than bare speculation from himself and Miller that petitioner's habeas application was confiscated by prison officials, rather than misplaced by Miller. Moreover, the mere negligent confiscation of a habeas petitioner's legal materials does not justify equitable tolling. *See Paul v. Conway,* 2005 WL 914384, * 6 (S.D.N.Y. April 19, 2005). In the absence of any proof from petitioner that prison officials intentionally confiscated his legal materials from Miller, he would not be entitled to equitable tolling on this basis.

Moreover, petitioner would not be entitled to equitable tolling based on the fact that he gave his legal papers to Miller, whose placement in segregation resulted in petitioner's separation from his papers, because petitioner "entrusted his papers to another at his own peril." *See United States v. Cicero,* 214 F. 3d 199, 204-05 (D.C. Cir. 2000); *See also Cox v. Edwards,* 2003 WL 2221059, * 3 (S.D.N.Y. September 26, 2003)(loss of legal papers by other inmates does not entitle a habeas petitioner to equitable tolling of the AEDPA's limitations period). Moreover, in light of the fact that M.D.O.C. Policy Directive 05.03.115 GG-II provides prisoners with multiple opportunities to have the law library photocopy

their legal documents, with the outside limit being three days, petitioner has failed to show that he acted with due diligence, when he instead chose to give his habeas petition to a fellow inmate for copying.

Petitioner also claims that the untimeliness of his petition should be excused because he is actually innocent of the crimes for which he was convicted.

The one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schup v. Delo,* 513 U.S. 298 (1995). *See Souter v. Jones,* 395 F. 3d 577, 599-600 (6th Cir. 2005). To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 590 (quoting *Schlup* 513 U.S. at 327). For an actual innocence exception to be credible, such a claim requires a habeas petitioner to support his or her allegations of constitutional error "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324; *Souter,* 395 F. 3d at 590. The Sixth Circuit further noted that "actual innocence means factual innocence, not mere legal insufficiency." *Souter,* 395 F. 3d at 590 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Finally, the Sixth Circuit in *Souter* recognized the Supreme Court's admonition that the actual innocence exception should "remain rare" and "only be applied in

15

the 'extraordinary case.'" *Id.* (quoting *Schlup,* 513 U.S. at 321).

Petitioner's primary argument is that he is actually innocent, because there was insufficient evidence to convict him of these crimes. Petitioner's sufficiency of evidence claim cannot be considered by this Court in determining whether an actual innocence exception exists for purposes of tolling the statute of limitations period. *Redmond v. Jackson,* 295 F. Supp. 2d at 773; *Grayson v. Grayson,* 185 F. Supp. 2d 747, 752 (E.D. Mich. 2002). Likewise, petitioner's prosecutorial misconduct claim relates to the fundamental fairness of his trial and not to his actual innocence, and therefore cannot toll the limitations period based on an actual innocence exception. *See Cannon v. Johnson,* 23 Fed. Appx. 218, 220 (6th Cir. 2001).

In this case, petitioner has failed to establish his actual innocence to the crime charged, for purposes of tolling the one year limitations period, because he has presented no new, reliable evidence to establish that he was actually innocent of the crimes charged. *See Holloway,* 166 F. Supp. 2d at 1191. Accordingly, summary dismissal of the petition is appropriate. *Id.*

### III. Conclusion

The Court determines that the current habeas petition is barred by the AEDPA's one year statute of limitations contained in § 2244(d)(1). Accordingly, the Court will summarily dismiss the current petition. The Court will also deny petitioner a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A) and F.R.A.P.

22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability (COA) is issued either by a circuit court or district court judge. If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue. F.R.A.P. 22(b). To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.* A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002).

The Court will deny petitioner a certificate of appealability, because reasonable jurists would not find it debatable whether this Court was correct in determining that petitioner had filed his habeas petition outside of the one year limitations period. *Grayson v. Grayson,* 185 F. Supp. 2d at 753. The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Id.*

### IV. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: December 1, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 1, 2005, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager